KINNE, appellant, v. KINNE *et al.*  (1.)

*Will — execution of — conflict in testimony.*

One of the subscribing witnesses to a will testified to the due execution of the will, while the other witness denied that all the statute requirements were complied with. *Held,* that the surrogate was justified in admitting the will to probate.

APPEAL from the order of the surrogate of Onondaga county, admitting to probate the will of Esop Kinne. The facts appear in the opinion.

*E. Butler-* and *G. N. Kennedy,* for appellant.

*N. F. Graves* and *D. Pratt,* for respondent.

TALCOTT, J.  The only question involved in this case is, whether the evidence was sufficient to authorize the surrogate to determine, as a question of fact, that the requisites to a due execution of a will, as provided by statute, were complied with.

According to the testimony of the witness, Brown, and as he recollects the transaction, they were not. If, however, the other subscribing witness, Shumway, has stated facts showing a compliance with the statute, the surrogate might, as he did, rely upon his testimony, and thus find the will to have been duly executed. *Trustees, etc.,* v. *Calhoun,* 25 N. Y. 422 ; *Tarrant* v. *Ware,* id. 425.

That the will in question was signed by the testator is not disputed. It was not, however, so signed in the presence of the attesting witnesses. But this is not necessary, provided the testator acknowledged his subscription in the presence of the attesting witnesses. *Hoysradt* v. *Kingman,* 22 N. Y. 372.

It is not necessary to a due acknowledgment of the signature that it should be referred to in words. An acknowledgment that an instrument purporting to be a will, and purporting to be signed by the testator, is his will, is a sufficient acknowledgment of the signature. The acknowledgment of the signature and the publication, by acknowledgment of the will, may constitute one and the same act. *Baskin* v. *Baskin,* 36 N. Y. 416; *Willis* v. *Mott,* id. 486.

The testimony of Mr. Shumway on the point is as follows : "Mr. Kinne requested me to sign as one of the witnesses ; I went and

brought in Mr. Brown, the other attesting witness, from Sanders & Ludington's office; I asked him, is that your last will and testament? He said, 'Yes, I declare it so to be;'" and he further proceeds to say, that he left the testator in his, Shumway's, office, telling him he would go out and get the witness; that he came back and asked Mr. Kinne if that was his last will and testament; Kinne said it was, and then he, Shumway, signed it as a subscribing witness, and the other witness, Brown, also then subscribed it as a witness. We understand the testimony of Shumway to be, that the declaration of the testator that the paper was his last will and the signature of the witnesses were all parts of the same transaction, and that the signature of the subscribing witnesses was in the presence of the testator. The request of Shumway to Brown to subscribe as a witness, coupled with the conduct and acquiescence of the testator, was a sufficient request on the part of the testator that Brown should become one of the subscribing witnesses. It is true that the witness, Brown, now does not recollect, and perhaps intends to deny, some of the facts stated in the attestation clause signed by him. But his testimony is not more contradictory of the facts necessary to a due execution of the will than was that of Mrs. Quimby in the case of *Tarrant* v. *Ware, supra,* which, indeed, it much resembles. The language of the court of appeals in *Willis* v. *Mott, supra,* seems to be quite applicable in this case: "At any rate, it was a question of fact whether the requisites of the statute had been complied with, and upon this point the decision of the primary tribunal should be of controlling weight. If we entertained doubts of the correctness of the decision, which we do not in the present case, we should have great reluctance to reverse the decision of a surrogate upon a question of fact purely. He has had the benefit of a personal inspection of the witnesses, the opportunity of witnessing their manner of giving their testimony, and, in the case of a conflict, is better qualified than an appellate court to determine where the truth lies, and to whom credence should be given."

The order of the surrogate admitting the will to probate must be affirmed, with costs to the respondent.

*Order affirmed.*